UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF | * | CIVIL ACTION |
| SD DRILLING, LLC AS OWNER | | |
| OF THE HERCULES 265 | * | NUMBER:   14-1571 |
| | * | SECTION:   A |
| *   *   *   *   *   *   * | * | MAGISTRATE:   2 |

### ANSWER AND CLAIM

NOW INTO COURT, through undersigned counsel, comes the Claimant, JOSEPH FRANCIS, JR., who for his Answer and Claim, respectfully avers as follows:

### ANSWER

In Answer to the Complaint and Petition for Exoneration from or Limitation of Liability, the Claimant respectfully avers as follows:

### DEFENSES

1.

The Complaint fails to state a cause of action upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2.

The Complaint has prescribed and/or has not otherwise been filed with the applicable statute of limitations period or within the time limits set forth in 46 U.S.C. § 30511 and Supplemental Admiralty and Maritime Claims Rule F of the Federal Rules of Civil Procedure.

AND NOW, in further answer to the Complaint, the Claimant respectfully avers as follows:

1

3.

The allegations of Paragraph 1 of the Complaint are jurisdictional in nature and do not require a response.  Insofar as any allegations are contained therein, those allegations are denied for lack of sufficient information to form a belief as to the truth thereof.

4.

The allegations of Paragraph 2 of the Complaint are denied for lack of sufficient information to form a belief as to the truth thereof.

5.

The allegations of Paragraph 3 of the Complaint are denied for lack of sufficient information to form a belief as to the truth thereof.

6.

The allegations of Paragraph 4 of the Complaint are denied for lack of sufficient information to form a belief as to the truth thereof.

7.

The allegations of Paragraph 5 of the Complaint are denied for lack of sufficient information to form a belief as to the truth thereof.

8.

The allegations of Paragraph 6 of the Complaint are denied for lack of sufficient information to form a belief as to the truth thereof.

9.

The allegations of Paragraph 7 of the Complaint are denied for lack of sufficient information to form a belief as to the truth thereof.

10.

The allegations of Paragraph 8 of the Complaint are denied.

11.

The allegations of Paragraph 9 of the Complaint are denied.

12.

The allegations of Paragraph 10 of the Complaint are denied.

13.

The allegations of Paragraph 11 of the Complaint are denied for lack of sufficient information to form a belief as to the truth thereof.

14.

The allegations of Paragraph 12 of the Complaint are denied for lack of sufficient information to form a belief as to the truth thereof.

15.

The allegations of Paragraph 13 of the Complaint are denied for lack of sufficient information to form a belief as to the truth thereof.

16.

The allegations of Paragraph 14 of the Complaint are denied for lack of sufficient information to form a belief as to the truth thereof.

17.

The allegations of Paragraph 15 of the Complaint are denied for lack of sufficient information to form a belief as to the truth thereof.

18.

The allegations of Paragraph 16 of the Complaint are denied for lack of sufficient information to form a belief as to the truth thereof.

19.

The allegations of Paragraph 17 of the Complaint are denied for lack of sufficient information to form a belief as to the truth thereof.

20.

The allegations of Paragraph 18 of the Complaint are denied for lack of sufficient information to form a belief as to the truth thereof.

21.

The allegations of Paragraph 19 of the Complaint are denied for lack of sufficient information to form a belief as to the truth thereof.

22.

The allegations of Paragraph 20 of the Complaint and any allegations contained with the Prayer for Relief are denied for lack of sufficient information to form a belief as to the truth thereof.

WHEREFORE, Claimant, Joseph Francis, Jr., prays that this Answer be deemed good and sufficient and, after all legal delays and due proceedings had, there be judgment herein denying the Petitioners' Complaint and Petition and dismissing said Complaint and Petition, at Petitioners' costs.

## **CLAIM**

AND NOW, for his Claim herein, Claimant, Joseph Francis, Jr., respectfully avers as follows:

I.

Claimant is an American seaman and brings this action pursuant to Title 46 U.S.C. 30104 and pursuant to the general maritime law of the United States, and he hereby designates his claims as admiralty and maritime claims pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

II.

Claimant, JOSEPH FRANCIS, JR., at all times pertinent hereto, was a person of the full age of majority and resident of Lafayette, Louisiana.

III.

Made defendants herein are:

1. SD DRILLING, LLC, on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court and, at all times pertinent hereto, the owner, owner *pro hac vice* and/or operator of the HERCULES 265 and/or the employer of the Claimant.

2. HERCULES OFFSHORE, INC., on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court and, at all times pertinent hereto, the owner, owner *pro hac vice* and/or operator of the HERCULES 265 and/or the employer of the Claimant.

3. ARAMARK U.S. OFFSHORE SERVICE, LLC., on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court and, at all times pertinent hereto, the owner, owner *pro hac vice* and/or operator of the HERCULES 265 and/or the employer of the Claimant.

IV.

On or about June 7, 2013, Claimant, JOSEPH FRANCIS, JR., was employed as a seaman performing catering services aboard the HERUCLES 265, a vessel owned and/or operated by the defendants upon the navigable waters of the United States.

V.

On or about June 7, 2013, there was an explosion and fire aboard the HERCULES 265, which necessitated the plaintiff and other crewmembers to be evacuated from the vessel aboard escape vessels.

VI.

In the course of the fire, explosion and subsequent evacuation on the escape vessels, due to the negligence of the defendants and/or the unseaworthiness of the HERCULES 265 and other vessels, plaintiff was caused to sustain severe and disabling injuries as described herein.

VII.

Claimant was in no manner negligent.  On information and belief, Claimant alleges that the sole and proximate cause of his injuries, as described herein, was the negligence and/or failure of the Defendants, and their servants and/or agents, in carrying out their obligations and duties, individually and concurrently and/or the unseaworthiness of the vessel named herein for one or more of the following respects:

1. Failing to provide Claimant with a safe place in which to work;

2. Failure to warn the Claimant;

3. Failure to warn Claimant of the dangerous and unsafe conditions of the vessels;

4. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the vessels;

5. Creation and maintenance of unseaworthy vessels, and failure to properly maintain the vessels;

6. Failure to provide Claimant with the proper equipment and/or personnel to accomplish his job in a reasonably safe manner;

7. Failure to properly train employees, and/or hiring and/or retaining careless and/or unskilled employees

8. Breach of legally imposed duties of reasonable care owed by the defendant(s) to the Claimant;

9. Failure to provide prompt and adequate medical care, treatment, maintenance and cure, thereby causing additional pain and suffering and damages;

10. Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

VIII.

As a result of the above and foregoing enumerated negligent acts and/or unseaworthy conditions, Claimant, JOSEPH FRANCIS, JR., sustained severe bodily injuries, including possible ruptured and/or herniated lumbar and cervical discs and nerve damage, and other injuries to his bones, muscles and joints, organs and tissues among other component parts of his body.

IX.

As a result of the above and foregoing enumerated negligent acts and/or unseaworthy conditions, Claimant, JOSEPH FRANCIS, JR., has sustained damages in one or more of the following categories, to-wit:

1. Past and future medical expenses;

2. Past and future wage loss or diminution of earning capacity;

3. Past and future physical and mental pain and suffering;

4.        Past and future loss of household services;

5.        Punitive/exemplary damages as may be allowed under the general maritime law;

6.        Other damages to be shown at the trial of this matter.

X.

Pleading further, in the alternative, if it be shown that Claimant, JOSEPH FRANCIS, JR., was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

XI.

Claimant, JOSEPH FRANCIS, JR., would show that on the above mentioned dates, he was injured while in the service of the defendants' vessels.  As a result, Defendants had and continues to have a non-delegable duty to provide the Claimant, JOSEPH FRANCIS, JR., with maintenance and cure benefits.  Claimant, JOSEPH FRANCIS, JR., would show that he has not reached maximum medical improvement and that Defendants' duty continues.  The maintenance rate owed to Claimant, JOSEPH FRANCIS, JR., by defendants is upon information and belief approximately $50.00 (FIFTY AND 00/100 DOLLARS) per day.

XII.

Should Defendants unreasonably, willfully, wantonly arbitrarily and/or capriciously deny payment and/or unreasonably, willfully, wantonly, arbitrarily and/or capriciously delay payment for maintenance and/or cure or pay an insufficient amount, then Defendants are legally liable to Claimant, JOSEPH FRANCIS, JR., for compensatory damages, attorney's fees, costs and exemplary/punitive damages.

XIII.

In the alternative to the foregoing, should it be determined that the Claimant is not a seaman herein, then Claimant asserts his claims in this matter pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §901, et seq., including but not limited to Section 905(b) thereof, and to any applicable laws and statutes of the State of Louisiana.

WHEREFORE, premises considered, Claimant, JOSEPH FRANCIS, JR., prays that this Claim be deemed good and sufficient, and after due proceedings had and the expiration of all legal delays herein:

1. There be judgment in favor of the Claimant, JOSEPH FRANCIS, JR., and against Defendants, SD DRILLING, LLC, HERCULES OFFSHORE, INC. and ARAMARK U.S. OFFSHORE SERVICES, LLC, in damages in an amount to be determined by the trier of fact, pre-judgment interest from the date of occurrence and other legal interest as allowed by law until paid, and for all costs of Court;

2. There be a judgment rendered herein in favor of the Claimant and against the defendants for maintenance and cure benefits, past, present, and future at a daily rate of FIFTY ($50.00) DOLLARS, or such amount as Claimant proves to be legally entitled to, plus interest from the date of occurrence and other legal interest as allowed by law until paid, all costs of Court, and reasonable attorney's fees therefore, all in a true sum to be determined at the trial of this case;

3. There be judgment herein in favor of the Claimant and against the defendants for for compensatory damages, attorney's fees, costs and exemplary/punitive damages for any willful, wanton, arbitrary, and/or capricious, failure and/or refusal to pay and/or delay in paying Claimant's maintenance and cure benefits, in an amount to be determined at trial, together with interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings;

4. For any and all other relief which the law and justice provide.

RESPECTFULLY SUBMITTED:


__s/ David C. Whitmore_____
LAWRENCE BLAKE JONES  (7495)
DAVID C. WHITMORE     (17864)
SCHEUERMANN & JONES
701 Poydras Street, Suite 4100
New Orleans, LA 70139
Telephone:  (504) 525-4361
Facsimile:  (504) 525-4380

## CERTIFICATE OF SERVICE

I do hereby certify that on the 30th day of December, 2014, a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record that have elected e-notification by operation of the court's electronic filing system.  I further certify that, on the aforementioned date, I also served a copy of the foregoing pleading upon all counsel of record who are non-CM/ECF participants via facsimile transmission and/or via hand delivery and/or via the United States mail, postage prepaid and properly addressed.

s/ David C. Whitmore