UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF SD DRILLING, LLC. AS OWNER OF THE HERCULES 265 | : : : : : : | CIVIL ACTION NO. 2:14-CV-01571<br><br>SECTION:  J<br><br>JUDGE ZAINEY<br>MAG. JUDGE WILKINSON |

## CAMERON INTERNATIONAL CORPORATION'S ANSWER AND CLAIMS AGAINST PETITIONER

Pursuant to the Federal Rules of Civil Procedure, Supplemental Admiralty Rule F(5), and in strict compliance with the terms of the Order Directing Claimants to File and Make Proof of Claims, Directing the Issuance of Monition, and Restraining Prosecution of Claims issued in this action ("Restraining Order," Doc. No. 3), but without waiving its right to pursue some or all of its claims outside this proceeding on the ground that the maritime limitation statute, 46 U.S.C. § 30505, does not apply to or govern those claims, Defendant Cameron International Corporation ("Cameron") hereby submits the following Answer and Claims in response to the Complaint and Petition for Exoneration from or Limitation of Liability filed by Petitioner SD Drilling, LLC:

### ANSWER TO THE COMPLAINT

#### Jury Demand

Cameron demands trial by jury of all issues in this action so triable.

#### Reservation of Right to Amend

Discovery is ongoing.  Cameron therefore reserves its right to amend this pleading.

**Responding to Allegations in the Complaint**

1.

Cameron submits that the allegations in paragraph 1 are jurisdictional in nature and do not require a response.

2.

Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.

3.

Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.

4.

Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4.

5.

Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6.

Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7.

Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.

8.

Cameron denies the allegations contained in paragraph 8.

- 3 -

9.

Cameron denies that Petitioner is without responsibility for any damage arising from the casualty described in the Complaint, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 9.

10.

Cameron denies the allegations contained in paragraph 10.

11.

Cameron denies that no claims arising from the casualty described in the Complaint have been made, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 11.

12.

Cameron denies the allegations contained in paragraph 12.

13.

Cameron admits that venue is proper in this district.

14.

Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15.

Cameron admits the allegations contained in paragraph 15.

16.

To the extent the allegations contained in paragraph 16 go beyond descriptions of Petitioner's intentions and claims, Cameron denies them.

17.

To the extent the allegations contained in paragraph 17 go beyond descriptions of Petitioner's intentions and claims, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations.

18.

To the extent the allegations contained in paragraph 18 go beyond descriptions of Petitioner's intentions and claims, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations.

19.

Cameron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, except that Cameron admits the Complaint had to have been filed within six months from the date Petitioners first received notice of a claim concerning the voyage.

20.

To the extent that the allegations contained in paragraph 20 of the Complaint extend beyond Petitioners' statement of intentions, claims and legal conclusions, Cameron admits that the Complaint asserts a request for relief subject to admiralty and maritime jurisdiction, denies that Petitioner is without responsibility for any damage arising from the casualty described in the Complaint, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 20.

**Affirmative Defense – Contract Claims Not Subject to Limitation**

21.

Some of Cameron's claims related to the HERCULES 265 are not subject to limitation under the terms of 46 U.S.C. § 30505, because, on information and belief, certain of those claims arise under obligations of contracts entered into by Petitioner or its predecessor.

**Affirmative Defense – Contract Claims Not Subject to Proper Injunction**

22.

Under the terms of Supplemental Admiralty Rule F(3), Cameron should not be enjoined from proceeding with a separate action against Petitioner to recover for claims related to the HERCULES 265 that are not subject to limitation under the terms of 46 U.S.C. § 30505. In filing its Answer and Claims in this proceeding, therefore, Cameron expressly reserves all rights to pursue separate litigation against Petitioner for resolution of all issues beyond the exclusive jurisdiction of this Admiralty Court, and does not agree to join all issues in this proceeding by filing its Answer and Claims. Furthermore, Cameron may move for an order modifying the Restraining Order to permit Cameron to pursue its claims in the forum of its choice.

**Affirmative Defense – No Negligence by Cameron**

23.

Cameron shows that neither it nor any of its employees, agents, and/or other representatives, or anyone for whom it was responsible, was in any manner negligent or guilty of any acts or omissions or breach of duty in connection with the incident on July 23, 2013 involving the *Hercules 265* and the A-3 Well (OCS-G 24980) located in South Timbalier Block 220 on the Outer Continental Shelf in the Gulf of Mexico and/or any injury or damages

allegedly sustained by any party arising out of the incident, which is the basis of the limitation action and the Texas Action.

**Affirmative Defense – Operation of *Hercules 265* Not Within Cameron's Control**

24.

Cameron shows that at all material times, a party outside of its control was responsible for the safe operation of the *Hercules 265*. As such, Cameron is neither liable nor responsible in law or in fact for any acts, omissions, breach of duty or unseaworthy condition(s) attributable to Petitioner, the *Hercules 265*, or its employees, agents or other representatives.

**Affirmative Defense – Unseaworthiness and Negligence of Petitioner**

25.

The blowout, fire, and natural gas release were caused by the unseaworthy condition(s) of the *Hercules 265* and/or unseaworthy condition(s), breach of contract or breaches of duty and breaches of warranty, express or implied, attributable to Petitioner and the negligence of employees, agents, officers, and directors of Petitioner. The unseaworthiness and negligence was within the privity and knowledge of Petitioner. Accordingly, the Complaint should be dismissed.

**Affirmative Defense – Right to Contest Appraisal**

26.

Cameron reserves the right to contest the appraisal value of the *Hercules 265*, its engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

**Affirmative Defense – Superseding and/or Intervening Negligence of Petitioner**

27.

Cameron pleads the superseding negligence and/or intervening negligence and/or breach of duty of Petitioner and third parties as the proximate cause of the incident made the basis of this limitation action and the Texas Action.

## CLAIMS AGAINST PETITIONER

In accordance with the terms of the Restraining Order, while reserving its affirmative defenses as stated above, and specifically reserving its right to prosecute its claims against Petitioners in a separate lawsuit outside this proceeding upon modification of the Restraining Order, Cameron makes the following allegations, on the basis of information and belief or otherwise, and asserts the following claims and/or counter-claims against Petitioner:

### PARTIES

28.

Cameron International Corporation ("Cameron") is a corporation organized and existing under the laws of the State of Delaware, with its principal office in Houston, Texas.

29.

Petitioner initiated this proceeding and is therefore already a party to this action.

### PERTINENT FACTS

30.

On July 23, 2013, there was a blowout during sidetrack and re-completion operations utilizing the HERCULES 265 mobile offshore drilling unit at the A-3 Well off the coast of Houma, Louisiana. The sidetrack and recompletion activities were conducted in significant part by authorized agents of Petitioner, the owner of the HERCULES 265, acting

within the scope of their employment. No employee or agent of Cameron was involved in any oil drilling, development, or well-control activities at the A-3 well on or before July 23, 2013.

31.

As the owner and operator of the HERCULES 265, Petitioner had a duty to control its drilling activities on the A-3 Well in accord with the Code of Federal Regulations and good oilfield practices. Petitioner and its agents and contractors, through their acts and omissions, lost control of the A-3 Well and caused the blowout and resulting property damage.

32.

Petitioner filed this action on July 8, 2014, seeking to limit its liability to the value of the vessel.

33.

On July 22, 2014, Certain Underwriters at Lloyd's, London and Certain Insurance Companies, Walter Oil & Gas Corporation, Tana Exploration Company, LLC, and Helis Oil & Gas Company, LLC ("Plaintiffs") sued Cameron and others in the Southern District of Texas, Cause No. 4:14-cv-2105 (the "Texas Action") alleging, among other theories, that the blowout and the resulting damage to the well and platform were the result of defects in the blowout preventer.

34.

Plaintiffs have not yet given Cameron access to the blowout preventer at issue to determine whether it is Cameron's product. If, in fact, the blowout preventer in question was manufactured by Cameron, Cameron's relationship with Petitioner is, on information and belief, governed by purchase orders and/or sales documents that entitle Cameron to complete indemnity from Petitioner.

## CAUSES OF ACTION

### COUNT I - CONTRACTUAL INDEMNITY

35.

Cameron repeats and realleges each of the preceding allegations with the same force and effect as if fully set forth herein.

36.

Pursuant to the terms of the applicable purchase order and/or sales documents relating to the purchase of the product at issue, Cameron is entitled to complete indemnity from Petitioner for any liability Cameron may have in the Texas Action. To the extent Cameron pays any judgment covered by the indemnity, Cameron is entitled to be reimbursed by Petitioner for breach of the indemnity provision.

37.

Pursuant to the terms of the applicable purchase order and/or sales documents relating to the purchase of the product at issue, Cameron is entitled to recover from Petitioner the attorneys' fees and other costs that it will have reasonably incurred in defending the claims in the Texas Action.

38.

Pursuant to the terms of the applicable purchase order and/or sales documents relating to the purchase of the product at issue, Cameron is entitled to recover from Petitioner its reasonable attorneys' fees incurred in enforcing Petitioner's indemnity obligations.

### COUNT II - BREACH OF CONTRACT

39.

Cameron repeats and realleges each of the preceding allegations with the same force and effect as if fully set forth herein.

1177496v1

40.

Upon information and belief, Petitioner's failure to defend and indemnify Cameron for the claims asserted by Plaintiffs in Texas Action constitutes a material breach of the terms and conditions of the applicable purchase order and/or sales documents relating to the purchase of the product at issue and has proximately caused damages to Cameron.

## CONDITIONS PRECEDENT

41.

All conditions precedent have been performed, occurred or been waived.

## COUNT III - DECLARATORY JUDGMENT

42.

Cameron repeats and realleges each of the preceding allegations with the same force and effect as if fully set forth herein.

43.

Pursuant to 28 U.S.C. § 2201, Cameron seeks a declaration that Petitioner owes a duty to defend and indemnify Cameron for the claims asserted in the Texas Action and to reimburse Cameron for all attorneys' fees and costs reasonably incurred by Cameron in defending those claims pursuant to the terms and conditions of the applicable purchase order and/or sales documents relating to the purchase of the product at issue.

## COUNT IV - NON-CONTRACTUAL INDEMNITY

44.

Cameron repeats and realleges each of the preceding allegations with the same force and effect as if fully set forth herein.

45.

Cameron asserts that it is not liable for any damages in connection with the events of July 23, 2013 on the A-3 Well.  To the extent Cameron is held liable in the Texas Action but is not indemnified by Petitioner by reason of the indemnity provisions in the applicable purchase order and/or sales documents relating to the purchase of the product at issue, Cameron is entitled to complete non-contractual indemnity from Petitioner pursuant to general maritime law because of its negligent contribution to the events leading to any such liability.

### COUNT V - CONTRIBUTION

46.

Cameron repeats and realleges each of the preceding allegations with the same force and effect as if fully set forth herein.

47.

Cameron asserts that it is not liable for any damages in connection with the events of July 23, 2013 on the A-3 Well.  To the extent any Plaintiff in the Texas Action succeeds with proof of any allegation against Cameron, Cameron is entitled to contribution from Petitioner on the basis of comparative fault pursuant to general maritime law.

### **DEMAND FOR JUDGMENT**

WHEREFORE, Cameron International Corporation demands judgment from Petitioner as follows:

1. That the Complaint and Petition for Exoneration from or Limitation of Liability filed by Petitioner SD Drilling, LLC be denied;

- 12 -

2. That Cameron recover indemnity from Petitioner for any liability that Cameron incurs in the Texas Action, including repayment of any amount paid by Cameron to resolve any such liability;

3. That Cameron recover from Petitioner the attorneys' fees and other costs it incurs in defending the claims in the Texas Action;

4. That Cameron recover from Petitioner its reasonable attorneys' fees and other costs incurred in enforcing its indemnity obligations;

5. That Cameron be awarded a declaratory judgment that Petitioner is obligated by written agreement to indemnify Cameron for any liability incurred by Cameron to any person asserting claims based on the casualty of the A-3 Well on July 23, 2013 and to reimburse Cameron for all attorneys' fees and other costs reasonably incurred by Cameron defending such claims;

6. That in the event Cameron is held jointly liable with any Petitioner or any other party for damages under general maritime or other law, Cameron be awarded contribution from Petitioner;

7. That Cameron recover such other and further relief from Petitioner to which it may show itself entitled.

1177496v1

Dated:  January 9, 2015  /s/ Phillip A. Wittmann
Phillip A. Wittmann, 13625
    pwittmann@stonepigman.com
Carmelite M. Bertaut, 3054
    cbertaut@stonepigman.com
Abigayle C. Farris, 33547
    afarris@stonepigman.com
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
504-581-3200
504-581-3361 (fax)

David W. Jones, T.A.
*(pro hac vice admission pending)*
Texas Bar No. 00790980
Federal I.D. No. 18206
    djones@beckredden.com
Alex Roberts
*(pro hac vice admission pending)*
Texas Bar No.  24056216
Federal I.D. No. 865757
    aroberts@beckredden.com
BECK REDDEN, LLP
1221 McKinney, Suite 4500
Houston, Texas  77010-2010
(713) 951-3700 (Phone)
(713) 951-3720 (Fax)

*Attorneys for Cameron International Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Cameron International Corporation's Answer and Claims against Petitioner was filed electronically with the Clerk of Court using the CM/ECF system this 9th day of January, 2015.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

    /s/  Phillip A. Wittmann

1177496v1