UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF | § | CIVIL ACTION: 2:14-CV-1571 "A" (2) |
| | § | |
| SD DRILLING, LLC. AS OWNER OF | § | JUDGE: JAY C. ZAINEY |
| | § | |
| HERCULES 265 | § | MAGISTRATE: JOSEPH C. |
| WILKINSON | | |

ANSWER, DEFENSES, AND CLAIMS
OF AXON PRESSURE PRODUCTS, INC. AND AXON EP, INC.

NOW INTO COURT, through undersigned counsel, come AXON Pressure Products, Inc. and AXON EP, Inc. (collectively "AXON"), who pursuant to Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and pursuant to this Court's Order Directing Claimants to File and Make Proof of Claims, Directing the Issuance of Monition and Restraining Prosecution of Claims (Dkt. No. 3), files this answer, defenses, and claims in response to SD Drilling, LLC's Complaint and Petition for Exoneration or Limitation of Liability.

SD Drilling, LLC's ("Petitioner" or "SD Drilling") Complaint concerns the blowout of a well in the Gulf of Mexico that occurred while the HERCULES 265 was performing oil and gas operations at the well (the "Incident"). (*See* Dkt. No. 3 at ¶ 7). The operator of and investors in this well and their insurers recently asserted claims regarding the Incident against AXON and other defendants in Case No. 4:14-cv-02105; *Certain Underwriters at Lloyd's London and Certain Insurance Companies Subscribing to Policy Nos. JHB CJP-1861, JHB CJP-1959, 13PKGN9161, et al. v. Cameron International Corporation, et al.*; In the United States District Court, Southern District of Texas (the "Houston case"). AXON files this answer, defenses, and claims to protect its right to a finding of SD Drilling's comparative fault for the Incident in the Houston case and to seek contribution from SD Drilling. In an abundance of caution and in light

of the pending order restraining prosecution of claims against SD Drilling, AXON also asserts contractual indemnity claims in the event this Court concludes that such claims are subject to this limitation proceeding in accordance with 46 U.S.C. § 30505.  Because 46 U.S.C. § 30501 *et seq*. may not apply to some or all of the claims asserted by AXON, AXON answers the Complaint and asserts its defenses and claims without waiving its right to pursue some or all of its claims outside this proceeding.

## I.   ANSWER AND DEFENSES

**FIRST DEFENSE**

The Complaint fails to state a claim or right of claim upon which relief may be granted.

**SECOND DEFENSE**

AXON shows that neither it nor any of its employees, agents, and/or other representatives, or anyone for whom it was responsible, was in any manner negligent or guilty of any acts or omissions or breach of duty in connection with the Incident on July 23, 2013 involving the HERCULES 265 and the A-3 Well (OCS-G 24980) located in South Timbalier Block 220 on the Outer Continental Shelf in the Gulf of Mexico and/or any injury or damages allegedly sustained by any party arising out of the Incident, which is the basis of the limitation action and the Houston case.

**THIRD DEFENSE**

AXON shows that at all material times, a party outside of its control was responsible for the safe operation of the HERCULES 265.  As such, AXON is neither liable nor responsible in law or in fact for any acts, omissions, breach of duty or unseaworthy condition(s) attributable to Petitioner, the HERCULES 265, or its employees, agents or other representatives.

**FOURTH DEFENSE**

The blowout, fire, and natural gas release were caused by the unseaworthy condition(s) of the HERCULES 265 and/or unseaworthy condition(s), breach of contract or breaches of duty and breaches of warranty, express or implied, attributable to Petitioner and the negligence of employees, agents, officers, and directors of Petitioner. The unseaworthiness and negligence was within the privity and knowledge of Petitioner. Accordingly, the Complaint should be dismissed.

**FIFTH DEFENSE**

AXON reserves the right to contest the appraisal value of the HERCULES 265, its engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

**SIXTH DEFENSE**

AXON pleads the superseding negligence and/or intervening negligence and/or breach of duty of Petitioner and third parties as the proximate cause of the Incident made the basis of this limitation action and the Houston case.

**SEVENTH DEFENSE**

AXON reserves its rights, pursuant to the "savings to suitors" clause, 28 U.S.C. § 1333, to pursue its claims against Petitioner in the forum of its choice. Upon Petitioner's failure to obtain relief in this limitation proceeding (should resolution of this action precede judgment in other actions), AXON reserves its rights to have its claims and damages tried to a jury in the court of its choosing. Furthermore, some or all of AXON's claims related to the HERCULES 265 may not be claims subject to limitation under 46 U.S.C. § 30505. In filing this answer, defenses, and claims in this proceeding, AXON reserves the right to pursue separate litigation against Petitioner for resolution of all issues beyond the exclusive jurisdiction of this Admiralty

Court. AXON may move for an order clarifying or modifying the issuance of monition and restraint of prosecution of claims.

**EIGHTH DEFENSE**

To the extent Petitioner's insurers or any other entity attempts to avail themselves of the limitation defense under 46 U.S.C. § 30501 *et seq.*, AXON asserts that 46 U.S.C. § 30501 *et seq.* is unavailable to insurers of vessel owners or any other entity under the circumstances. In the alternative, no prima facie case has been made establishing Petitioner's insurers or any other entities are entitled to avail themselves of 46 U.S.C. § 30501 *et seq.*

**NINTH DEFENSE**

And now answering the specific allegations of the Complaint, AXON avers and alleges on information and belief as follows:

1.

The allegations contained in Paragraph 1 of the Complaint are legal conclusions for which no response is required, but if answer is required, they are denied.

2.

The allegations contained in Paragraph 2 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of the said allegations.

3.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of the said allegations.

4.

The allegations contained in Paragraph 4 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of the said allegations.

5.

AXON admits that Petitioner was the owner of the HERCULES 265 at the time of the Incident. All other allegations in Paragraph 5 are denied.

6.

The allegations contained in Paragraph 6 of the Complaint contain legal conclusions for which no response is required, but if answer is required, they are denied.  To the extent Paragraph 6 contains factual allegations, they are denied for lack of knowledge or information sufficient to form a belief about the truth of the said allegations.

7.

AXON admits that the HERCULES 265 was conducting oil and gas operations in the federal waters of the Gulf of Mexico at the time of the Incident and a loss of well control occurred on the HERCULES 265 on July 23, 2013, which caused hydrocarbons to flow from the well and resulted in the crew evacuating the rig.  The remaining allegations contained in Paragraph 7 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of the said allegations.

8.

The allegations contained in Paragraph 8 of the Complaint contain legal conclusions for which no response is required, but if answer is required, they are denied.  To the extent Paragraph 8 contains factual allegations, they are denied for lack of knowledge or information sufficient to form a belief about the truth of the said allegations.

9.

The allegations contained in Paragraph 9 of the Complaint contain legal conclusions for which no response is required, but if answer is required, they are denied.  To the extent

Paragraph 9 contains factual allegations, they are denied for lack of knowledge or information sufficient to form a belief about the truth of the said allegations.

10.

The allegations contained in Paragraph 10 of the Complaint contain legal conclusions for which no response is required, but if answer is required, they are denied. To the extent Paragraph 10 contains factual allegations, they are denied for lack of knowledge or information sufficient to form a belief about the truth of the said allegations.

11.

AXON denies that there are no claims arising from the HERCULES 265's voyage during which the Incident occurred. The remaining allegations contained in Paragraph 11 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of the said allegations.

12.

The allegations contained in Paragraph 12 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of the said allegations.

13.

The allegations contained in Paragraph 13 of the Complaint contain legal conclusions for which no response is required, but if answer is required, they are denied. To the extent Paragraph 13 contains factual allegations, they are denied for lack of knowledge or information sufficient to form a belief about the truth of the said allegations.

14.

With respect to the allegations in Paragraph 14, they are denied. AXON reserves the right to petition the Court for an increase in the value of the vessel and an increase in the security posted.

15.

The allegations contained in Paragraph 15 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of the said allegations.

16.

The allegations in Paragraph 16 of the Complaint contain legal conclusions for which no response is required, but if answer is required, they are denied. To the extent Paragraph 16 contains factual allegations, they are denied for lack of knowledge or information sufficient to form a belief about the truth of the said allegations.

17.

With respect to the allegations in Paragraph 17, they are denied. AXON reserves the right to petition the Court for an increase in the value of the vessel and an increase in the security posted.

18.

With respect to the allegations in Paragraph 18, they are denied. AXON reserves the right to petition the Court for an increase in the value of the vessel and an increase in the security posted.

19.

The allegations in Paragraph 19 of the Complaint contain legal conclusions for which no response is required, but if answer is required, they are denied. To the extent Paragraph 19

contains factual allegations, they are denied for lack of knowledge or information sufficient to form a belief about the truth of the said allegations.

20.

AXON specifically denies that Petitioner is entitled to any of the relief sought in its prayer for relief contained in the Compliant.

**TENTH DEFENSE**

Except as previously admitted, AXON denies any allegations contained in any unnumbered and/or omitted paragraphs, preambles or prayers of the Complaint.

**RESERVATION OF RIGHT TO AMEND**

AXON will rely on any and all further defenses that become available or appear during discovery proceedings and specifically reserves the right to amend this Answer for purposes of asserting additional defenses.

## II.   CLAIMS AGAINST PETITIONER

AND NOW COMES, assuming the role of Claimant in Limitation, AXON, and avers on information and belief as follows:

### A.  PARTIES

1. Axon Pressure Products, Inc. (f/k/a Church Energy Services, Ltd.) is a corporation organized and existing under the laws of Texas, with its home office located in Houston, Texas.

2. Axon EP, Inc. is a corporation organized and existing under the laws of Texas, with its home office located in Houston, Texas.

3. SD Drilling initiated this proceeding and is therefore already a party to this proceeding.

**B.  BACKGROUND**

**THE INCIDENT**

4.  SD Drilling is the owner of the HERCULES 265 and participated in the HERCULES 265's oil and gas operations at the A-3 Well (OCS-G 24980) located in South Timbalier Block 220, on the Outer Continental Shelf in the Gulf of Mexico in accordance with its contract with Walter Oil & Gas Corporation, Tana Exploration Company, LLC, and/or Helis Oil & Gas Company, L.L.C. to perform oil and gas operations.

5.  While SD Drilling was engaged in oil and gas operations under this contract, the crew of the HERCULES 265 lost control of the A-3 Well on July 23, 2013.  Gas flowed uncontrolled from the A-3 Well, and the result was a blowout of the A-3 Well.  The HERCULES 265's crew eventually evacuated the rig.

**THE HOUSTON CASE**

6.  Walter Oil & Gas Corporation, Tana Exploration Company, LLC, Helis Oil & Gas Company, L.L.C., and their insurers filed a lawsuit, the Houston case, seeking to hold AXON and other parties liable for the July 23, 2013 blowout of the A-3 Well, the Incident.  These parties allege the blowout preventer ("BOP") on the HERCULES 265 at the time of the Incident did not operate properly and AXON is liable because it repaired, inspected, and tested the BOP in 2010. Some or all of this alleged work was performed by AXON for Seahawk Drilling, Inc. ("Seahawk"), in accordance with a master service agreement between AXON (or its predecessor) and Seahawk.

7.  The Incident, however, was not caused by any fault, negligence, acts, omissions, or culpable conduct of AXON, but was caused in whole or in part by the fault, negligent acts, omissions, or culpable conduct of SD Drilling, and/or by conditions for which SD Drilling is

9

strictly liable under law. As a result, any losses and damages resulting from the Incident were proximately caused by SD Drilling, including the damages sought by the plaintiffs in the Houston case.

**SD DRILLING ASSUMES SEAHAWK DRILLING, INC.'S ASSETS AND CONTRACTUAL OBLIGATIONS**

8. SD Drilling and Hercules Offshore, Inc. ("Hercules") purchased Seahawk's master service agreement with AXON, the HERCULES 265, which was previously known as the SEAHAWK 2602, and some or all of Seahawk's BOP equipment in 2011 after Seahawk entered into bankruptcy. In Case No. 11-20089-RSS, *In re Seahawk Drilling, Inc., et al*., the Honorable Richard Schmidt for United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division, approved SD Drilling and Hercules's acquisition of substantially all of Seahawk's assets and the assignment and assumption of most of Seahawk's contractual obligations.

**THE 2010 MSA**

9. In Schedule 2.1(b) of the Asset Purchase Agreement approved in the bankruptcy, the contracts assigned to SD Drilling and Hercules include the master service agreement originally between Seahawk and Axon Energy Products AS, titled the Master Service Agreement, Agreement Number: MSA-1100-2010, and dated June 16, 2010 ("the 2010 MSA").[1]

---

[1] In addition to this master service agreement, the Asset Purchase Agreement cites to another assigned master service agreement with AXON's predecessor. At this time, AXON has not been able to locate this master service agreement but reserves the right to amend its pleadings to include any applicable claims once a copy is located.

10. The 2010 MSA identifies Seahawk Drilling, Inc. as "Company" and Axon Energy Products AS as "Contractor," applies to work performed by AXON for Seahawk, and includes an indemnity agreement. Paragraph 8.3 states:

> **Company shall release, Defend, indemnify, and hold harmless Contractor Group from and against any and all Losses arising out of personal or bodily injury, sickness, disease or death or property damage, destruction or loss suffered by any member of the Company Group in connection with this Agreement.**

"Company Group" is defined in Paragraph 8.1(a) as:

> **individually or in any combination: (i) Company, its parent, subsidiaries and Affiliates (as defined in Article 23), contractors (other than Contractor), (ii) its and their partners, joint venturers, any entities for whom Company is performing services or providing goods and all of their respective parents, subsidiaries and affiliates, and (iii) the respective directors, officers, agents, representatives, employees and invitees of all of the foregoing.**

"Contractor Group" is defined in Paragraph 8.1(b) as:

> **individually or in any combination: (i) Contractor, its parent, subsidiaries and Affiliates (as defined in Article 23) and subcontractors, (ii) its and their partners, joint venturers and all of their respective parents, subsidiaries and affiliates, and (iii) the respective directors, officers, agents, representatives, employees and invitees of all the foregoing.**

"Affiliates" is defined in Paragraph 23 as:

> **any entity, including without limitation, any individual, corporation, company, partnership, limited liability company or group, that directly, or indirectly through one or more intermediaries, controls, is controlled by or is under common control with such party.**

"Losses" is defined in Paragraph 8.1(d) as:

> **all claims, demands, causes of action, losses, judgments, liabilities, indemnity obligations, costs, damages or expenses of any kind and character (including attorney's fees and other legal expenses).**

11. Thus, SD Drilling assumed the obligation to defend and indemnify AXON from any losses by any entity for whom SD Drilling and/or its parent or affiliates were performing services

11

or providing goods. Because SD Drilling was providing the plaintiffs in the Houston case with the HERCULES 265 at the time of the Incident, SD Drilling is obligated under the 2010 MSA to defend and indemnify AXON from the losses and damages plaintiffs allege they incurred.

**SD DRILLING'S RESPONSIBILITY FOR THE INCIDENT**

12. SD Drilling, as the owner of the HERCULES 265, including the BOP, had a duty to act as a reasonable vessel owner and to maintain the vessel in a seaworthy condition. Accordingly, SD Drilling, among other acts, was required to act in accordance with good oil field practices, to maintain a vessel that is staunch and strong, fitted out with all appropriate equipment and in good order, and to ensure the vessel carries a sufficient and competent crew.

13. SD Drilling, as the owner of the HERCULES 265, selected the BOP and its design and controlled the BOP and its related components' configuration. SD Drilling was responsible for maintaining the HERCULES 265, including the BOP. On information and belief, SD Drilling failed to properly maintain and test the BOP.

14. SD Drilling provided an insufficient and incompetent crew to work on the HERCULES 265. Among other acts and omissions, the crew of the HERCULES 265, on information and belief, failed to properly maintain the BOP and its control system, conduct a reasonable risk assessment, adequately and reasonably account for the formation pressures, monitor for signs of a release of hydrocarbons in the well (commonly referred to as a kick), properly interpret the signs of the kick, properly and reasonably respond to the kick, or activate the BOP in time to control the kick.

15. The technical failures identified above resulted from inadequate policies, procedures, training, and supervision by SD Drilling. In particular, SD Drilling did not, on information and

belief, have adequate procedures or provide adequate training for maintaining BOPs, monitoring a well for kicks, and responding to a kick.

16. The Incident was proximately caused by SD Drilling's negligence and failure to provide a seaworthy vessel.

17. To the extent the BOP did not function on July 23, 2013, any such failure of the equipment to operate was the consequence of, among other things, the uncontrolled release of hydrocarbons, SD Drilling's inadequate maintenance of the BOP, and unreasonably slow or improper reactions by the HERCULES 265 crew to detect the kick and function the BOP. To the extent the BOP is determined to have been defectively designed (which AXON denies), the defective design was the result of decisions made or attributed to SD Drilling and other entities, outside the control of AXON, that decided and controlled the design of the BOP.

### C.  CAUSES OF ACTION

**COUNT 1: CONTRACTUAL INDEMNITY UNDER THE 2010 MSA[2]**

18. Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

19. Pursuant to the 2010 MSA, Petitioner is obligated to release, defend, indemnify and hold AXON harmless from and against any and all losses arising out of "property damage, destruction or loss suffered by" SD Drilling or any entity (and all their respective parents, subsidiaries, and affiliates) for whom SD Drilling was performing services or providing goods. AXON is entitled to indemnity from SD Drilling for any liability AXON may have related to the Incident. To the

---

[2] AXON asserts this claim to the extent this Court concludes that such claims are subject to this limitation proceeding in accordance with 46 U.S.C. § 30505.  AXON reserves the right to pursue separate litigation against Petitioner for resolution of all issues beyond the exclusive jurisdiction of this Admiralty Court.  AXON may move for an order clarifying or modifying the issuance of monition and restraint of prosecution of claims.

extent AXON pays any judgment covered by the indemnity, AXON is entitled to be reimbursed by SD Drilling for breach of the indemnity provisions.

20. Pursuant to the terms of the 2010 MSA, AXON is entitled to recover from SD Drilling the attorneys' fees and other costs that it will have reasonably incurred to defend any claims related to the Incident.

21. Pursuant to the terms of the 2010 MSA, AXON is entitled to recover from SD Drilling the attorneys' fees and other costs that it will have reasonably incurred to enforce the indemnity obligations owed to AXON under the 2010 MSA.

### COUNT 2: INDEMNITY AT LAW

22. Paragraphs 1 through 21 are incorporated by reference as if fully set forth herein.

23. AXON asserts that it is not liable for any damages in connection with the Incident. To the extent that AXON is held liable to any claimant, AXON is entitled to recovery, reimbursement, and indemnity from the HERCULES 265, *in rem*, and SD Drilling, *in personam*, in respect of any damages and claims asserted against AXON.

### COUNT 3: COMMON LAW CONTRIBUTION

24. Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

25. AXON asserts that it is not liable for any damages in connection with the Incident. To the extent that any party succeeds with proof of any allegations so that AXON is held jointly/solidarily liable with SD Drilling, AXON is entitled to recovery, reimbursement, and contribution from the HERCULES 265, *in rem*, and SD Drilling, *in personam*, on the basis of SD Drilling's fault.

### III.    CONCLUSION

26. Petitioner SD Drilling is not entitled to exoneration from or limitation of liability because it had privity and knowledge of the unseaworthiness of the HERCULES 265, and the negligence of her master and crew. Moreover, SD Drilling was itself negligent in the manner and operation of the HERCULES 265.

27. Petitioner, SD Drilling, *in personam*, and the HERCULES 265, *in rem*, are liable for the full amount of the claims asserted in this proceeding and in the Houston case, including all losses, costs, expenses, and/or damages resulting from the Incident.

### 28. PRAYER

AXON reserves the right to amend its claims after further information is developed and reserves all other rights, remedies, and defenses it might have as a result of the Incident.

WHEREFORE, AXON prays that its answer, defenses, and claims may be deemed good and sufficient, and that after due proceedings have been had that there is judgment in its favor dismissing the Complaint and Petition for Exoneration from or Limitation of Liability, with prejudice, and awarding AXON all damages it is entitled to and indemnification as claimed herein, together with interest, costs, disbursements and attorneys' fees, and for all other relief

which the justice of the case requires. Alternatively, AXON demands contribution herein from SD Drilling.

                                                   Respectfully submitted,

                                                   **MONTGOMERY, BARNETT, L.L.P.**

                                                   /s/ Kenneth J. Gelpi, Jr.

                                                 KENNETH J. GELPI, JR. T.A. (#24103)
                                                JOHN Y. PEARCE (#10374)
                                                EDWARD L. FENASCI (#24793)
                                                3300 Energy Centre, 1100 Poydras St.
                                                New Orleans, LA 70163-3300
                                                Telephone: (504) 585-7674
                                                Fax:(504) 585-7688
                                                kgelpi@monbar.com
                                                jpearce@monbar.com
                                                tfenasci@monbar.com

                                                **ATTORNEYS FOR DEFENDANTS
AXON PRESSURE PRODUCTS, INC. AND
AXON, EP, INC.**

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 9, 2015, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, Eastern District of Louisiana, using the ECF system, which will send a notice of electronic filing to all counsel of record.

                /s/ *Kenneth J Gelpi, Jr.*
                Kenneth J. Gelpi, Jr.